Brandon J. Schwartz (SBN 361655)
Schwartz APC
1104 Corporate Way, Ste. 244
Sacramento, CA 95831
Telephone: (916) 571-3205
Fax: (279) 348-8203
Email: brandon.schwartz@schwartzapc.com

Attorney for Plaintiff
**Ashley Roberson**

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY ROBERSON,<br><br>            Plaintiff,<br><br>      vs.<br><br>LODI UNIFIED SCHOOL DISTRICT, JAMES SCHULLER, CATHIE HINES, TYRONE HENDERSON, RUTH PERRYMAN.<br><br>            Defendants. | Case No. 2:26-CV-00806<br><br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) Unlawful Removal of Child from Parental Custody Without a Warrant (42 U.S.C. § 1983)**<br>**(2) 14th Amendment – Due Process – Interference with Parent/Child Relationship (42 U.S.C. § 1983)**<br>**(3) Intentional Infliction of Emotional Distress**<br>**(4) Abduction or Enticement of a Child from a Parent or Guardian (Cal. Civ. Code § 49)** |

1

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Plaintiff Ashley Roberson, by and through her attorney, Brandon J. Schwartz, alleges as follows:

## THE PARTIES

1.      Plaintiff Ashley Roberson ("Plaintiff") is a citizen of the United States who, at the time of the violations of law alleged herein, resided at and, at the present time, continues to reside within the jurisdictional boundaries of the Lodi Unified School District and the County of San Joaquin. Plaintiff is a single mother for both minor child I.R. and another child.

2.      Minor child I.R. is a citizen of the United States who, at the time of the violations of law alleged herein, resided within the jurisdictional boundaries of the Lodi Unified School District and the County of San Joaquin and was born in 2008. In 2018, I.R. was placed in the Plaintiff's care through San Joaquin County Child Protective Services as a foster youth. Plaintiff formally adopted I.R. in 2020, and she is the sole legal guardian and custodian of I.R.

3.      Defendant Lodi Unified School District ("LUSD") is a public entity duly organized and existing under California law as a school district. LUSD is located within San Joaquin County, California.

4.      Defendant James Schuller is an individual who, at the time of the violations of law alleged herein, was employed by LUSD at Tokay High School (1111 W Century Blvd., Lodi, CA 95240) as Vice Principal, where I.R. was a student. Mr. Schuller is being sued in his individual capacity.

5.      Defendant Cathie Hines is an individual who, at the time of the violations of law alleged herein, was employed by LUSD at Tokay High School (1111 W Century Blvd., Lodi, CA 95240) as Registrar, where I.R. was a student. Ms. Hines is being sued in her individual capacity.

6.      Defendant Tyrone Henderson is an individual who, at the time of the violations of law alleged herein, was employed by LUSD at Bear Creek High School (10555 Thornton Rd., Stockton, CA 95209) as Vice Principal, where I.R. was briefly transferred. Mr. Henderson is being sued in his individual capacity.

7.    Defendant Ruth Perryman is an individual who, at the time of the violations of law alleged herein, resided in Stockton, California. Ms. Perryman is I.R.'s biological paternal grandmother, and she has no custody rights over I.R. nor was she granted any privileges by Plaintiff to make changes to his enrollment in school.

**JURISDICTION & VENUE**

8.    This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (federal civil rights jurisdiction). All claims for violations of Plaintiff's rights under the United States Constitution are brought pursuant to 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to her claims occurred in this judicial district.

10.    Pursuant to the California Tort Claims Act, Plaintiff, through counsel, presented a tort claim to LUSD within six months of the violations of law alleged herein, which LUSD rejected.

**FACTUAL ALLEGATIONS**

11.    I.R. had a troubled upbringing, and the last date he lived with his biological mother, Valerie Handcock, was March 30, 2017.

12.    Plaintiff and Ms. Handcock are related.

13.    Upon information and belief, Ms. Handcock sent I.R. and his sister to school one morning, and when the school bus dropped them at a stop in the afternoon, Ms. Handcock did not appear and subsequently abandoned both children.

14.    Because Plaintiff's mother was also raising and caring for Plaintiff's severely autistic younger sister, Plaintiff's mother could not adequately care for all three children, and she suggested Plaintiff care for I.R.

COMPLAINT; DEMAND FOR JURY TRIAL

15. I.R.'s father could not be located, and he had a history of being in and out of jail, with approximately nineteen arrests, with the most recent being in 2024. At least one arrest is for domestic violence.

16. Plaintiff subsequently, and heroically, intervened and began the process of becoming I.R.'s foster parent.

17. Ms. Handcock's parental rights were terminated on August 29, 2018.

18. On May 31, 2018, I.R. was placed in Plaintiff's care through San Joaquin County Child Protective Services as a foster youth.

19. Plaintiff's adoption of I.R. was completed on July 24, 2020, and Plaintiff is his sole legal guardian. No other individual has any legal right to make decisions concerning I.R.'s upbringing, including how he is educated.

20. Despite finding new stability with Plaintiff, I.R. had repeated behavioral issues and severe trauma.

21. I.R.'s sense of abandonment has led to a great deal of resentment and lashing out against Plaintiff.

22. I.R. has lashed out physically as well, and on several occasions, he physically assaulted his sister, which resulted in juvenile proceedings.

23. I.R. also developed a substance abuse issue.

24. Despite these seemingly insurmountable challenges, Plaintiff continued to love, care, and provide for I.R.

25. On July 30, 2024, I.R. began his sophomore year at Tokay High School. Plaintiff enrolled I.R. at the school, and she was the sole person authorized to take custody of I.R., make changes to his enrollment, or access his education records.

26. Throughout the schoolyear, I.R. faced repeated truancy issues due to his skipping classes or school altogether. He was in and out of the home frequently.

27. After I.R. appeared to once again run away from home, Plaintiff reported him as a Missing Person to the Lodi Police Department on March 8, 2025.

4

COMPLAINT; DEMAND FOR JURY TRIAL

28.    About two weeks later, I.R. returned home and advised that he had been staying with his biological grandmother, Defendant Ruth Perryman.

29.    Defendant Perryman is I.R.'s biological grandmother, though she denied that her son was I.R.'s father.

30.    Representatives from LUSD communicated with Plaintiff about I.R.'s truancy, knew that I.R. resided with Plaintiff, and communicated information to Plaintiff by phone and through the Aeries Parent Portal mobile application.

31.    On April 14, 2025, I.R. and Defendant Ms. Perryman, visited Tokay High School.

32.    There, Mr. Schuller, provided Ms. Perryman with LUSD Caregiver's Affidavit to complete, stating that I.R. lived with Ms. Perryman, and which would allow Ms. Perryman to change which school I.R. was enrolled in.

33.    Ms. Perryman completed this form with Mr. Schuller, which made Ms. Perryman an emergency contact, changed I.R.'s residential address from Plaintiff's home to Ms. Perryman's where I.R. was hiding, and permitted Ms. Perryman to transfer I.R. into Bear Creek High School. Despite the Stockton address, Bear Creek High School is a school within LUSD. This form was subsequently processed and approved by Mr. Henderson.

34.    Shortly thereafter, Plaintiff, who could not locate I.R. during this time, discovered that she no longer had access to I.R.'s education records and information through the Aeries Parent Portal mobile application.

35.    An employee of Tokay High School contacted Plaintiff and advised that I.R. had transferred to Bear Creek High School.

36.    Plaintiff reported the incident to the Lodi Police Department. Officer Rey Lopez-Pulido took the report. Officer Derek Eaton from the Lodi Police Department met with Plaintiff and verified I.R.'s adoption paperwork.

37.    Officer Brian Fehn, a School Resource Officer from the Lodi Police Department, another officer, and Plaintiff went to Stockton and removed I.R. from Bear Creek High School and closed the latest Missing Person case.

5

COMPLAINT; DEMAND FOR JURY TRIAL

38.    Plaintiff, not trusting LUSD, transferred I.R. to Discover Challenge Academy, which she believed would address truancy issues, keep I.R. away from LUSD officials, and prevent further enticement by Defendant Perryman.

39.    Plaintiff suffered severe mental anguish, fear, anxiety, and stress each time I.R. would disappear from home.

40.    She feared that I.R. would fall into physical danger. I.R. reported that he owed a drug dealer money, that another student was threatening to shoot him over this debt, and when I.R. was retrieved by Plaintiff he told the officers that there was "money on his head."

41.    The actions by individuals who had no guardianship, custodial, visitation, or any legal rights concerning a child would devastate any parent.

42.    She was devastated.

43.    She remains devastated.

## FIRST CAUSE OF ACTION

## (Unlawful Removal of Child from Parental Custody Without a Warrant

## (42 U.S.C. § 1983))

### (Against James Schuller, Cathie Hines & Tyrone Henderson)

44.    The Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

45.    By permitting Defendant Perryman to execute LUSD Caregiver's Affidavit when they knew or should have known that the Plaintiff was reachable, Defendants Schuller and Hines effected a removal of I.R. from the Plaintiff's custody. This form was processed by Defendant Henderson.

46.    Defendants Schuller and Hines carried out the completion of the affidavit and transfer of I.R. to a school in another city while performing their official capacities as employees of LUSD.

47.    No warrant authorized I.R.'s removal from Plaintiff's custody.

48.    The Plaintiff was harmed.

6

COMPLAINT; DEMAND FOR JURY TRIAL

49. Defendants Schuller and Hines engaged in conduct that was a substantial factor in causing the Plaintiff's harm.

## SECOND CAUSE OF ACTION

### (14th Amendment – Due Process – Interference with Parent/Child Relationship

### (42 U.S.C. § 1983))

### (Against James Schuller, Cathie Hines & Tyrone Henderson)

50. The Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

51. Defendants Schuller, Hines, and Henderson had no basis to believe I.R. was at imminent risk of serious bodily injury or molestation.

52. Defendants Schuller, Hines, and Henderson effected the transfer of I.R. and permitted Defendant Perryman to update and access his education records without notifying the Plaintiff or providing any due process for the Plaintiff prior to this action.

53. Defendants Schuller, Hines, and Henderson effected the transfer of I.R. while performing in their official capacities as employees of LUSD.

54. Defendants Schuller, Hines, and Henderson had no reasonable basis to rely on Defendant Perryman's representations.

55. The Plaintiff was harmed.

56. Defendants Schuller, Hines, and Henderson engaged in conduct that was a substantial factor in causing the Plaintiff's harm.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against All Defendants)

57. The Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

58. Defendant Perryman's conduct in enticing I.R. to reside with her while the Plaintiff believed I.R. was in danger as a missing person, and her subsequently advising I.R. to

7

become emancipated so as to further interfere in the Plaintiff's love, care, and relationship with I.R. was outrageous.

59.    Defendants LUSD, Schuller, Hines, Henderson, and Perryman worked to transfer I.R. away from the Plaintiff's custody, without her knowledge, without any authority, while the Plaintiff had reported I.R. as a missing person; such conduct was outrageous.

60.    Defendant LUSD is vicariously liable under Cal. Gov't Code § 815.2 for the actions of its employees because they were acting within the scope of their employment.

61.    All of the Defendants either intended to cause the Plaintiff emotional distress or acted with reckless disregard of the probability that the Plaintiff would suffer emotional distress.

62.    The Plaintiff suffered severe emotional distress.

63.    The Defendants' conduct was a substantial factor in causing the Plaintiff's severe emotional distress.

## FOURTH CAUSE OF ACTION

### (Abduction or Enticement of a Child from a Parent or Guardian (Cal. Civ. Code § 49)

### (Against All Defendants)

64.    The Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

65.    Defendant Perryman enticed I.R. from his parent, the Plaintiff, while knowing that Defendant Perryman was not entitled to custody of I.R., and while knowing that the Plaintiff was so entitled.

66.    Defendants LUSD, Schuller, Hines, and Henderson enticed I.R. from his parent, the Plaintiff, by assisting Defendant Perryman in completing the LUSD Caregiver's Affidavit and transferring I.R. while having actual or constructive knowledge of how to reach the Plaintiff.

67.    Defendant Perryman abducted and enticed I.R. from his parent, the Plaintiff, by causing I.R. to live with Defendant Perryman and in executing the LUSD Caregiver's Affidavit.

## PRAYER FOR RELIEF

8

**WHEREFORE**, Plaintiff Ashley Roberson prays for judgment against the Defendants as to each claim for relief as follows:

**AS TO THE PLAINTIFF'S FIRST CAUSE OF ACTION** (Unlawful Removal of Child from Parental Custody Without a Warrant (42 U.S.C. § 1983):

1. For general and special damages according to proof at trial;

2. For punitive damages (against James Schuller, Cathie Hines, and Tyrone Henderson only);

3. For reasonable attorney fees pursuant to 42 U.S.C. § 1988(b);

4. For costs pursuant to Fed. R. Civ. P. § 54(d); and,

5. For such other relief as the Court deems just and proper.

**AS TO THE PLAINTIFF'S SECOND CAUSE OF ACTION** (14th Amendment – Due Process – Interference with Parent/Child Relationship):

1. For general and special damages according to proof at trial;

2. For punitive damages (against James Schuller, Cathie Hines, and Tyrone Henderson only);

3. For reasonable attorney fees pursuant to 42 U.S.C. § 1988(b);

4. For costs pursuant to Fed. R. Civ. P. § 54(d); and,

5. For such other relief as the Court deems just and proper.

**AS TO THE PLAINTIFF'S THIRD CAUSE OF ACTION** (Intentional Infliction of Emotional Distress):

1. For general and special damages according to proof at trial;

2. For punitive damages (against James Schuller, Cathie Hines, and Ruth Perryman only);

3. For costs of the suit incurred; and,

4. For such other relief as the Court deems just and proper.

**AS TO THE PLAINTIFF'S THIRD CAUSE OF ACTION** (Abduction or Enticement of a Child from a Parent or Guardian (Cal. Civ. Code § 49)):

9

1. For general and special damages according to proof at trial;

2. For punitive damages (against James Schuller, Cathie Hines, Tyrone Henderson, and Ruth Perryman only);

3. For costs of the suit incurred; and,

4. For such other relief as the Court deems just and proper.


### REQUEST FOR JURY TRIAL

Plaintiff Ashley Roberson hereby demands a trial by jury on all issues.


Respectfully submitted,

Dated: June 18, 2026                    Schwartz APC


By: /s/ Brandon J. Schwartz
Brandon J. Schwartz
Attorney for Plaintiff ASHLEY
ROBERSON

10

COMPLAINT; DEMAND FOR JURY TRIAL